**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|   |   |   |
|---|---|---|
| **TIMOTHY OWEN PARKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 06-2155-KHV |
| | ) | |
| **STATE OF KANSAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**ORDER**

Plaintiff brings suit against the State of Kansas ("the State") seeking civil and criminal damages under 18 U.S.C. § 241. This matter comes before the Court on the Motion To Quash Summons And Dismiss (Doc. #5-1) filed July 10, 2006. For the reasons below, the Court sustains the motion to dismiss.

Plaintiff filed suit on April 24, 2006. (Doc. #1). On June 20, 2006, the United States Marshals Service served the State by certified mail delivered to 1000 SW Jackson Ste 100, Topeka, KS 66612 (Doc. #4), the address of the Kansas Department of Commerce. See Exhibit 1 to Memorandum In Support Of Motion To Quash Summons And Dismiss (Doc. #5-2) filed July 10, 2006. The State argues that service was insufficient and should be quashed because it did not comply with Rule 4(j)(2), Fed. R. Civ. P. In the alternative, the State seeks dismissal of plaintiff's claim under Rule 12(b)(6), Fed. R. Civ. P., arguing that the complaint does not state a claim on which relief can be granted.

Rule 4(j)(2) provides as follows:

> Service upon a state . . . shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in a manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Kansas law further provides that service upon the State shall be made "by serving the attorney general or an assistant attorney general." K.S.A. § 60-304(d)(5). Thus, when the State is the defendant, service of process under Rule 4(j)(2) must be made on the Governor,[1] the attorney general or an assistant attorney general. Here, the State is correct that plaintiff did not comply with Rule 4(j)(2) because the Kansas Department of Commerce is not the chief executive officer, the attorney general or an assistant attorney general. This insufficiency of service is not simply a technical defect and notice of the suit will not cure the insufficiency. See Oltremari v. Kan. Social & Rehab. Serv., 871 F. Supp. 1331, 1353 (D. Kan. 1994). The Court therefore finds that service of process is insufficient.

Normally, dismissal without prejudice is proper where service of process is insufficient. Id. Where plaintiff proceeds *in forma pauperis*, however, blame for insufficient service of process generally lies with the United States Marshals Service and the Court should not punish plaintiff. Id at 1353-54. Where plaintiff is not responsible for the defect in service, the Court may instruct the clerk and the Marshal to correct the defect without dismissing the action. Id. at 1354.

Here, plaintiff proceeds *in forma pauperis*. See Order (Doc. #3) filed May 10, 2006. Because the record does not reveal who is responsible for the defect in service, the Court will give plaintiff the benefit of the doubt and will not dismiss his claim for insufficiency of process. The State also argues that plaintiff's claim should be dismissed under Rule 12(b)(6), Fed. R. Civ. P., because the complaint is premised on 18 U.S.C. § 241, a federal criminal statute, and contains only conclusory allegations with no

---

[1] The Kansas Constitution establishes the Governor as the chief executive officer of the State, providing as follows: "The supreme executive power of this state shall be vested in a governor." Kan. Const. art. I, § 3.

2

proper factual allegations. The State further argues that it is entitled to sovereign immunity under the Eleventh Amendment.

In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well pleaded facts in the complaint and views them in a light most favorable to plaintiff. Zinermon v. Burch, 494 U.S. 113, 118 (1990). The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir. 1991). Although plaintiff need not precisely state each element of his claim, he must plead minimal factual allegations on material elements that must be proved. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court affords a *pro se* plaintiff some leniency and must liberally construe the complaint. Oltremari, 871 F.Supp. at 1333. While *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers, *pro se* litigants must follow the same procedural rules as other litigants. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.1992). The Court may not assume the role of advocate for a *pro se* litigant. Hall, 935 F.2d at 1110.

Here, plaintiff proceeds *pro se*. The complaint is entitled "PETITION FOR CIVIL AND CRIMINAL DAMAGES PURSUANT TO 18 U.S.C. 241" and states the following:

> [M]y civil (and unalienable) rights have been violated by the arresting officers (no valid warrant) Keith Drill, D.B.A., Judge Keith Drill, and possibly others.
>
> I am still somewhat impaired physically and mentally due to injury, illness and loss of sleep, and therefore reserve my rights to amend this petition after prayer and counsel.
>
> Petitioner notices the court he will seek relief according to statutory limits.

The State is correct that Section 241 is a criminal statute that does not give rise to private civil

causes of action. Kelly v. Rockefeller, 69 Fed. Appx. 414, 415 (10th Cir. 2003) (citing Newcomb v. Ingle, 827 F.2d 675, 677 n.1 (10th Cir. 1987)). Thus, plaintiff does not and cannot state a claim under Section 241 and dismissal is proper. Id. Because plaintiff has been explicit in naming the statute under which he files suit, the Court will not fashion plaintiff's allegations into a claim arising under any other statute. The motion to dismiss is therefore sustained.[2] The Court does not reach the State's Eleventh Amendment immunity claim.

The Court finds that the complaint, regardless of sufficiency of service, does not state a claim on which relief can be granted. The motion to dismiss is therefore sustained and the motion to quash is moot.

**IT IS THEREFORE ORDERED** that defendant's Motion To Quash Summons And Dismiss (Doc. #5-1) filed July 10, 2006 be and hereby is **SUSTAINED** in part. The motion to dismiss is **SUSTAINED** and plaintiff's claim under 18 U.S.C. § 241 is dismissed with prejudice. The motion to quash is moot.

Dated this 23rd day of October, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge

---

[2] If the Court construed plaintiff's claim as one under 42 U.S.C. § 1983, the complaint would nevertheless fail to state a claim. Under Section 1983, the State is not liable on the theory of respondeat superior; plaintiff must identify a governmental policy or custom which caused his injuries. See Canady v. City of Kansas City, No. 01-2302-CM, 2001 WL 1745269, at *2 (D. Kan. Dec. 10, 2001) (citing Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997)). Plaintiff only alleges wrongful conduct by an individual police officer. He does not allege any policy or custom of the State, which is necessary to impose liability on the State under Section 1983.